1
2
3
4
5                   UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8    CENTURY SURETY COMPANY,                    No. C-11-5482 EMC
9              Plaintiff,
                                                **ORDER GRANTING PLAINTIFF'S**
10        v.                                    **MOTION FOR DEFAULT JUDGMENT**
11   ISAAC K. KASHAMA, *et al.*,                **(Docket No. 35)**
12            Defendants.
     _____/
13

14       Plaintiff Century Surety Co. has filed suit against Defendants Osman Othman and Isaac K.

15   Kashama, asking the Court for, *inter alia*, a declaration that it has not duty to defend or indemnify

16   under a certain insurance policy because of Defendants' failure to cooperate.  The claims against Mr.

17   Othman are currently subject to a bankruptcy stay because he is a debtor in a bankruptcy proceeding.

18   (Mr. Othman is represented by counsel.)  After Mr. Kashama failed to respond to the complaint, the

19   Clerk of the Court entered his default.  Currently pending before the Court is Century's motion for

20   default judgment against Mr. Kashama only.

21                   **I.      FACTUAL & PROCEDURAL BACKGROUND**

22       Century's complaint and evidence submitted in support of the motion for default judgment

23   establish as follows.

24       Century issued an insurance policy to Mr. Othman and others for the period April 4, 2008, to

25   April 4, 2009.  The policy provided property and liability coverage for an apartment building located

26   in Oakland, California.  *See* Compl. ¶ 7 & Ex. A (policy).

27       In May 2010, some of the tenants in the apartment building initiated a suit in state court

28   based on a fire that took place in the building which destroyed their belongings.  In May 2011, an

1   amended complaint was filed, naming as the only defendants Mr. Othman and Mr. Kashama.  Mr.

2   Kashama was named as a defendant because he was the property manager for the building.  *See*

3   Compl. ¶ 8 & Ex. B (FAC).  This underlying lawsuit will hereinafter be known as the *Shore* lawsuit.

4          Century appears to concede that Defendants were first served with the *Shore* lawsuit after the

5   amended complaint was filed.  *See* Compl., Ex. D (letter).  After being served, Mr. Kashama sent a

6   letter to Century on his own behalf and on the behalf of Mr. Othman.  In the letter, Mr. Kashama

7   gave Century notice of the Shore lawsuit and asked Century to defend.  Mr. Kashama further asked

8   that Century authorize him and Mr. Othman to hire independent counsel for the defense because of a

9   conflict of interest.  According to Mr. Kashama, there was a conflict of interest because he had a

10  pending action against Century for bad faith based on the way that it handled first-party claims

11  submitted to Century as a result of the fire.  *See* Compl. ¶ 9 & Ex. C (letter); *see also* Darling-

12  Alderton Decl., Ex. 16 (second amended complaint).  Apparently, Mr. Othman had assigned the

13  first-party claims to Mr. Kashama.

14         In June 2011, Defendants responded to the *Shore* plaintiffs' amended complaint.  Both

15  appeared in pro per.  Subsequently, in July 2011, Century agreed to defend both Mr. Othman and

16  Mr. Kashama in the *Shore* lawsuit under a reservation of rights.  Century, however, disagreed that

17  independent counsel was necessary.  Accordingly, it appointed an attorney of its own choosing.  See

18  Compl. ¶ 10 & Ex. D (letter).

19         Subsequently, that attorney – David J. Samuelson – tried to contact Defendants.  Mr.

20  Samuelson was not successful in reaching them by telephone (the voice mail was always full) and so

21  sent Defendants a letter in July 2011.  In the letter, Mr. Samuelson asked Defendants to contact him

22  so that they could meet and so that Defendants could sign a substitution-of-counsel form.  *See*

23  Krishna-Purcell Decl., Ex. 5.  Mr. Samuelson never received a response to his letter.  Nor did he

24  hear back from Defendants after he was finally able to leave a message on their voice mail.  See

25  Krishna-Purcell Decl., Ex. 6.  Similarly, a Century claims attorney, Sunita Krishna-Purcell, left a

26  message with Defendants but did not hear back.  *See* Krishna-Purcell Decl. ¶ 10.

27         In August 2011, Century wrote to Defendants two times, noting that they had failed to

28  contact Mr. Samuelson.  Century asked Defendants to contact Mr. Samuelson so that he could

1  substitute in as counsel.  Century also warned Defendants that their failure to cooperate could

2  jeopardize their insurance coverage.  *See* Compl. ¶ 12 & Ex. E (letter); Krishna-Purcell Decl. ¶ 11 &

3  Ex. 8 (letter).  A week or so later, Mr. Samuelson received a "garbled voicemail" from Mr.

4  Kashama.  Krishna-Purcell Decl., Ex. 9 (email).  In the voice mail, Mr. Kashama stated that he did

5  not know whether he should talk to Mr. Samuelson and advised that he would write a letter setting

6  out his position.  However, Mr. Samuelson never received any such letter from Mr. Kashama.  *See*

7  Krishna-Purcell Decl. ¶ 12 & Ex. 9 (email).

8          Thereafter, on September 12, 2011, Century wrote to Defendants again, noting, inter alia,

9  that there had been no substantive contact with Mr. Samuelson and that neither individual had

10  signed a substitution-of-counsel form.  Century warned again that a failure to cooperate could

11  jeopardize insurance coverage.  The letter was personally served on both Defendants.  *See* Compl. ¶

12  13 & Ex. F (letter and proofs of service).

13          On September 21, 2011, Century wrote to Defendants yet again.  Century pointed out once

14  again that no substantive contact had been made with Mr. Samuelson.  Century further warned that,

15  if Defendants did not sign the substitution-of-counsel form, then it would have to file a complaint

16  against Defendants, asking the Court to declare that no policy benefits were available based on

17  Defendants' breach of a cooperation provision in the insurance policy.  This letter appears to have

18  been personally served on Mr. Kashama.  See Compl. ¶ 14 & Ex. G (letter and proof of service for

19  Mr. Kashama).

20          On November 7, 2011, Mr. Samuelson sent both Defendants a letter, asking once again that

21  they contact him about the defense of the *Shore* case.  *See* Krishna-Purcell Decl. ¶ 16 & Ex. 13

22  (letter).  Three days later, Century filed the pending lawsuit against Defendants.  In the complaint, as

23  well as the motion for default judgment, Century seeks the following relief:

24  (1)     A declaration that Century has the contractual right to control the defense of the *Shore*

25          lawsuit and that Century is not obligated to provide independent counsel;

26  (2)     A declaration that Defendants further breached the insurance policy (more specifically, the

27          cooperation clause in the policy) by failing to cooperate with the defense, which extinguishes

28          Century's duty to defend and/or indemnify; and

United States District Court

For the Northern District of California

1     (3)      A declaration that other parties are precluded from suing Century on the insurance policy

2                 pursuant to the "Legal Action Against Us" clause, which provides that "[n]o person or

3                 organization has a right under this Coverage Part . . . [t]o sue us on this Coverage Part unless

4                 all of its terms have been fully complied with."

5         As indicated above, after the complaint was filed and served, Mr. Othman filed a notice that

6 he is currently in bankruptcy proceedings such that all claims against him are automatically stayed.

7 *See* Docket No. 25 (notice). In February 2012, Mr. Kashama asked Century for additional time to

8 file a responsive pleading but never did so. *See* Darling-Alderton Decl. ¶ 11. Accordingly, in May

9 2012, Century asked for an entry of default against Mr. Kashama, which issued on May 25, 2012.

10 *See* Docket No. 33 (notice). Century has now moved for a default judgment against Mr. Kashama.

11 **II.**    <u>**DISCUSSION**</u>

12 A.    <u>Service of Process</u>

13         In deciding whether to grant or deny a default judgment, a court must first "assess the

14 adequacy of the service of process on the party against whom default is requested." *Board of*

15 *Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS

16 19065, at *2 (N.D. Cal. Jan. 2, 2001). In the instant case, there does not appear to be a problem with

17 service of process. Federal Rule of Civil Procedure 4(e) provides that an individual may be served

18 by, *e.g.*, personal delivery. *See* Fed. R. Civ. P. 4(e)(2)(A) (allowing for "deliver[y] [of] a copy of the

19 summons and of the complaint to the individual personally"). Century has provided a proof of

20 service indicating that there was personal service on Mr. Kashama in January 2012. *See* Docket No.

21 7 (proof of service).

22         The Court notes that, in addition to being personally served with the summons and

23 complaint, Mr. Kashama was also served by mail and email with respect to the motion for entry of

24 default, see Docket No. 32 (proof of service), and by mail with respect to the motion for default

25 judgment. See Docket No. 36 (proof of service).

26 B.    <u>*Eitel* Factors</u>

27         After entry of a default, a court may grant a default judgment on the merits of the case. *See*

28 Fed. R. Civ. P. 55. A default judgment may not be entered, however, against an infant or

1  incompetent person unless represented in the action by a general guardian or other such

2  representative who has appeared.  *See id.*  Furthermore, a default judgment may not be entered

3  against an individual in military service until after the court appoints an attorney to represent the

4  defendant.  *See* 50 U.S.C. App. § 521.  In the instant case, Century has provided sufficient evidence

5  demonstrating that Mr. Kashama is neither an infant, incompetent person, or a person in military

6  service.  *See* Darling-Alderton Decl. ¶ 15.  Accordingly, the Court may consider whether a default

7  judgment may be entered against Mr. Kashama.

8  "The district court's decision whether to enter a default judgment is a discretionary one."

9  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors that a court may consider in

10  exercising that discretion include:

11  (1) the possibility of prejudice to the plaintiff; (2) the merits of
    plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)
12  the sum of money at stake in the action; (5) the possibility of a dispute
    concerning material facts; (6) whether the default was due to
13  excusable neglect, and (7) the strong policy underlying the Federal
    Rules of Civil Procedure favoring decisions on the merits.

14

15  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Generally, upon entry of default, the

16  factual allegations of the plaintiff's complaint will be taken as true, except for those relating to the

17  amount of damages.  *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

18  The majority of these factors weigh in favor of Century.  For example, if the motion for

19  default judgment were to be denied, then Century would likely be left without a remedy.  Notably,

20  Century gave repeated warnings to Mr. Kashama that his failure to cooperate could jeopardize his

21  insurance coverage but still he failed to respond to Century in any substantive way.  *See Walters v.*

22  *Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal.

23  Apr. 15, 2004) ("To deny plaintiffs' motion [for default judgment] would leave them without a

24  remedy.  Prejudice is also likely in light of the merits of their claim."); *Pepsico, Inc. v. Cal. Sec.*

25  *Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is

26  not granted, Plaintiffs will likely be without other recourse for recovery.").  Also, Century is not

27  seeking any money damages from Mr. Kashama, and the critical declaratory relief requested – *i.e.*, a

28  declaration that Mr. Kashama's failure to cooperate extinguishes Century's duty to defend and/or

**United States District Court**
For the Northern District of California

1   indemnify – is not unreasonable given the circumstances.  *Cf. id.* at 1176 (stating that "the court

2   must consider the amount of money at stake in relation to the seriousness of Defendant's conduct").

3   Century is entitled to know what its responsibilities are in this context.  Finally, because Mr.

4   Kashama has not filed an answer to the complaint, there is little to suggest that there is a possibility

5   of a dispute concerning material facts, and it is unlikely that Mr. Kashama's default was due to

6   excusable neglect, especially when Century served both the motion for entry of default and motion

7   for default judgment on Mr. Kashama but still received no response.

8          The only factors that deserve closer analysis are the second and third factors – *i.e.*, the merits

9   of Century's substantive claim and the sufficiency of the complaint.  These factors basically "require

10  that a plaintiff 'state a claim on which the [plaintiff] may recover.'"  *Id.* at 1175.  Century has pled

11  sufficient allegations to support its main request for declaratory relief – namely, a declaration that

12  Mr. Kashama's failure to cooperate extinguishes Century's duty to defend and/or indemnify.  As

13  Century points out, the insurance policy at issue includes a provision that requires an insured to

14  "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit.'"

15  Compl., Ex. A (Commercial Lines Policy § 4.2.c(3)).  Century has adequately pled a breach of the

16  cooperation clause by alleging that Mr. Kashama asked Century to defend him in the Shore lawsuit

17  but then did not sign a substitution-of-counsel form or even respond to Century's position that

18  independent counsel was not required.  Because Mr. Kashama breached his duty to cooperate,

19  Century has a legitimate basis to ask to be excused from its duties under the insurance policy (*i.e.*,

20  duty to defend and/or indemnify).  Furthermore, because Mr. Kashama has effectively prevented

21  Century from defending the case, it is fair to excuse Century from its duty to defend and/or

22  indemnify.

23         The Court, however, declines to award the other declaratory relief requested by Century.

24  First, to the extent Century asks for a declaration that it has no obligation to provide Mr. Kashama

25  with independent counsel, that request for relief is essentially moot in light of the declaratory relief

26  to be awarded above.  Second, to the extent Century seeks a declaration that no else can sue it on the

27

28

United States District Court

For the Northern District of California

1    policy pursuant to the "Legal Action Against Us" clause,[1] that request for relief is not ripe for

2    review.  *See Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000) (stating that,

3    "[w]hether declaratory relief is appropriate depends upon whether the facts alleged, under all the

4    circumstances, show that there is a substantial controversy, between parties having adverse legal

5    interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment";

6    adding that "[a] case is ripe where the essential facts establishing the right to declaratory relief have

7    already occurred") (internal quotation marks omitted; emphasis added); *Hodgers-Durgin v. De La*

8    *Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (stating that the "[r]ipeness doctrine protects against

9    premature adjudication of suits in which declaratory relief is sought").  It is also unclear whether this

10   Court can bind future third parties not named in this action.

11          In sum, out of the relief requested by Century, the Court shall grant only the request for a

12   declaration that Mr. Kashama's failure to cooperate extinguishes Century's duty to defend and/or

13   indemnify.

14          In so ruling, the Court takes note that it has taken into consideration whether or not a default

15   judgment against Mr. Kashama should be deferred pursuant to *Frow v. De La Vega*, 82 U.S. 552

16   (1872), in which the Supreme Court held that, under certain circumstances, a court should not enter

17   a default judgment against one or more defendants which is, or likely to be, inconsistent with

18   judgment on the merits in favor of the remaining answering defendants.  *See, e.g.*, *Shanghai Auto.*

19   *Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1006 (N.D. Cal. 2001) (report and recommendation)

20   (noting that courts, "including the Ninth Circuit, have held that Frow is not limited to claims

21   asserting joint liability, but extend to certain circumstances in which the defendants have closely

22   related defenses or are otherwise similarly situated").  The Court is satisfied that the *Frow* rule is not

23   applicable in the instant case because Mr. Othman has made an appearance in the litigation and thus

24   may still act to cooperate with Century.  Also, Mr. Othman is in a different position inasmuch as he

25   currently has the benefit of a bankruptcy stay.

26

27          [1]  That clause provides as follows: "No person or organization has a right under this

28   Coverage Part . . . [t]o sue us on this Coverage Part unless all of its terms have been fully complied
with."

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Century's motion for default judgment.  Century is entitled to a declaration that Century has no duty to defend and/or indemnify Mr. Kashama because of his failure to cooperate.

This order disposes of Docket No. 35.

IT IS SO ORDERED.

Dated:  August 2, 2012

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

8